FAYER GIPSON LLP
GREGORY A. FAYER (State Bar No. 232303)
GFayer@fayergipson.com
ELLIOT B. GIPSON (SBN 234020)
EGipson@fayergipson.com
2029 Century Park East, Suite 3535
Los Angeles, California 90067
Telephone: 310.557.3558
Facsimile:  310.557.3589

KENDALL BRILL & KELLY LLP
RICHARD B. KENDALL (SBN 90072)
RKendall@kbkfirm.com
ROBERT E. DUGDALE (SBN 167258)
RDugdale@kbkfirm.com
NARY KIM (SBN 293639)
NKim@kbkfirm.com
10100 Santa Monica Blvd., Suite 1725
Los Angeles, California 90067
Telephone:  310.556.2700
Facsimile:  310.556.2705

Attorneys for All Named Respondents and Plaintiffs

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| KIMSAPRINCESS INC.., a California corporation; 2DIE4KOURT, a California corporation; KHLOMONEY INC., a California corporation; KIM KARDASHIAN WEST, an individual; KOURTNEY KARDASHIAN, an individual; and KHLOE KARDASHIAN, an individual, | Case No. [Los Angeles County Superior Court Case No. BC 614374] |
| Petitioners, | **NOTICE OF REMOVAL OF ACTION PURSUANT TO 9 U.S.C. §§ 201 *et seq*; 28 U.S.C. §§ 1441 *et seq.*** |
| v. | |
| HILLAIR CAPITAL MANAGEMENT LLC, a Delaware limited liability company; HILLAIR CAPITAL INVESTMENTS LP, a Cayman Islands limited partnership; and HAVEN BEAUTY INC., a Delaware corporation, | |
| Respondents. | |
| HILLAIR CAPITAL MANAGEMENT LLC, a Delaware Limited Liability Company; HILLAIR CAPITAL INVESTMENTS LP, a Cayman Islands Limited Partnership, | |
| Plaintiffs, | |
| v. | |
| KIM KARDASHIAN, an individual; KHLOE KARDASHIAN, an individual; | |

603160426.1

NOTICE OF REMOVAL

FAYER GIPSON LLP

1  KOURTNEY KARDASHIAN, an
   individual; KIMSAPRINCESS INC., a
2  California corporation, 2DIE4KOURT, a
   California corporation, KHLOMONEY
3  INC., a California corporation, and
   DOES 1-100, inclusive,
4                    Defendants.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FAYER GIPSON LLP

603160426.1

NOTICE OF REMOVAL

**TO THE CLERK OF THE COURT AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD**, **PLEASE TAKE NOTICE THAT** Respondents Hillair Capital Management LLC ("HCM"), Hillair Capital Investments LP ("HCI") (together, "Hillair") and Haven Beauty, Inc. ("Haven") (together with Hillair, "Respondents") hereby remove this action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California and set forth in support of this Notice of Removal of Action the following:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1367 (supplemental jurisdiction); 28 U.S.C. §§ 1338 (trademarks); and 9 U.S.C. § 203 (FAA jurisdiction over arbitrations and arbitration awards involving foreign parties).

2.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2), and pursuant to 9 U.S.C. § 204 (FAA), because at least one defendant resides in this judicial district, and because a substantial part of the events or omissions giving rise to the claims occurred in the judicial district.

3.     Removal to this Court is proper as the Superior Court of the State of California, County of Los Angeles, where this action was originally filed, is located within this district.

## THE PARTIES

4.     Respondent/Plaintiff Hillair Capital Management LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in Burlingame, California.

5.     Respondent/Plaintiff Hillair Capital Investments LP is an exempt limited partnership organized and existing under the laws of the Cayman Islands, with its principal place of business in the Cayman Islands.

6.     Respondent Haven Beauty, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal offices in Lake Forest, California.

1

NOTICE OF REMOVAL

7.   On information and belief, Petitioners/Defendants Kimsaprincess Inc., Khlomoney Inc., and 2Die4Kourt (collectively, the "Corporate Kardashians") are each corporations organized and existing under the laws of the State of California, with their principal place of business in Los Angeles, California.

8.   On information and belief, Petitioners/Defendants Kim Kardashian, Khloe Kardashian, and Kourtney Kardashian (collectively, the "Individual Kardashians") are each natural persons who are and were at relevant times citizens of the United States and residents of Los Angeles, California.   The Individual Kardashians and Corporate Kardashians are collectively referred to herein as the "Kardashians."

## FACTUAL BACKGROUND

9.   On March 21, 2016, Plaintiffs HCM and HCI filed a Complaint against the Kardashians in Los Angeles Superior Court (L.A. Sup. Ct. Case No. BC 614374) (the "State Court Case").   A true and correct copy of that Complaint, together with process, pleadings and orders in the action, are attached hereto as **Exhibits 1-55**.

10.   On April 11, 2016, the Kardashians filed a Demand for Arbitration, therein asserting claims against HCM, HCI, and Haven.   JAMS Arbitration No. 1210033201 (the "Arbitration") was subsequently initiated in response to this Demand.

11.   On June 15, 2016, at the Kardashians' motion, Judge Richard Fruin compelled Hillair's claims in Case No. BC 614374 to arbitration, and the JAMS Panel subsequently took jurisdiction over those claims in the Arbitration.

12.   On July 13, 2016, the Kardashians filed a Complaint against Haven, HCM, HCI, and two individuals, Sean McAvoy and Neal Kaufman, in the United States District Court for the Central District of California (C.D. Case No. 8:16-cv-1304).   This case was assigned to the Honorable James V. Selna.

13.   On July 14, 2016, Haven filed a Complaint against the Kardashians in the United States District Court for the Central District of California (C.D. Case No. 8:16-cv-01307) (together with C.D. Case No. 8:16-cv-1304, the "Federal Cases").   This case was also assigned to Judge Selna.

2

NOTICE OF REMOVAL

14.     On August 29, 2016, the District Court granted the Kardashians' motion for a preliminary injunction against Haven.

15.     All parties agreed that the District Court had jurisdiction to determine all matters of injunctive relief in the Federal Cases.  The parties also agreed that the merits of any and all claims by or against Haven in the Federal Cases must be arbitrated as part of the Arbitration.  However, the parties disagreed as to whether the Kardashians' claims against the remaining federal defendants (hereinafter, the "Hillair Parties") were subject to arbitration, and Judge Selna ordered the parties to submit briefing on this issue.

16.     On October 27, 2016, the Court denied the Kardashians' request to compel the Hillair Parties to arbitration.  Instead, Judge Selna stayed all claims against the Hillair Parties in the Federal Cases pending the completion of the Arbitration.

17.     On January 14, 2019, the JAMS Panel issued a Final Award in the Arbitration (the "Award").  A true and correct copy of the Award is attached hereto as **Exhibit 56**.

18.     On January 29, 2018, the Kardashians filed a Petition to Confirm the Award in the State Court Case, naming as Respondents HCM, HCI, and Haven.  Haven, however, was not previously a party to the State Court Case, and the Kardashians' Petition seeks to confirm the Award as to all three Respondents.

### GROUNDS FOR REMOVAL

19.     As set forth more fully below, there are two independent and sufficient grounds for removal.

20.     First, because the Kardashians added Haven as a new defendant/respondent to the State Court Case on January 29, 2019, Haven has thirty (30) days within which to remove the action on any of the grounds provided in 28 U.S.C. § 1441.  Removal is proper under Section 1441 because the claims against Haven decided in the Panel's Award included the Kardashians' federal trademark claims that this Court compelled to arbitration, and included an award pursuant to the Lanham Act.  Haven contends that the Panel's resolution of the Kardashians' Lanham Act claims was in manifest disregard of federal law.

FAYER GIPSON LLP

FAYER GIPSON LLP

21.     Second, and independently, because HCI is a Cayman Islands company and is not a United States citizen, the Arbitration and Award at issue are governed by the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958, 9 U.S.C. §§ 201-208 (the "Convention").  Accordingly, HCI is entitled to remove the State Court Case pursuant to the FAA "at any time before the trial."  9 U.S.C. § 205.

## Federal Question Jurisdiction/Removal

22.     The federal removal statute provides: "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

23.     Under Section 1441(c), "[i]f a civil action includes … a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title) … the entire action may be removed."  Section 1331, in turn, provides that "[t]he district courts shall have jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States."

24.     Here, Haven was first added by the Kardashians as a defendant/respondent in the State Court Case on January 29, 2019.  Haven was not previously a party to the State Court Case.  Accordingly, Haven has thirty (30) days within which to remove the State Court Case based upon any of the grounds provided in Section 1441.

25.     Here, the claims before the Panel on which the Panel ruled in its Final Award included the Kardashians' federal trademark claims against Haven, which were brought pursuant to the Lanham Act, 15 U.S.C. § 1051, *et seq*.  The Kardashians' Lanham Act claims clearly arise under the laws of the United States (*see* 28 U.S.C. § 1331) and thus present a proper ground for removal under Section 1441(c).  Haven contends that the Award should be vacated or corrected, *inter alia*, based on the Panel's manifest disregard of federal law in finding this case to be an "exceptional case" under the Lanham Act and awarding the

NOTICE OF REMOVAL

Kardashians their trademark-related attorneys' fees pursuant to the Lanham Act.  *See* Award at 21 (awarding attorneys' fees pursuant to "15 U.S.C. Section 1117(a)").

26.    Indeed, the Kardashians' Lanham Act claims were originally filed by the Kardashians in this District Court, and it is therefore beyond dispute that those claims present a federal question.  While those claims were stayed by this Court pending resolution of the Arbitration, those claims remain pending before this Court.

27.    The Kardashians' Lanham Act claims include claims against not only Haven, but against the Hillair Parties (including HCM and HCI) as well.  The Kardashians' Lanham Act claims against the Hillair Parties will be resolved on the merits by this Court, and those claims could potentially be affected by the JAMS Panel's rulings on the merits of the Kardashians' Lanham Act claims against Haven (who is the alleged primary infringer).  There is thus clearly a federal question affecting the rights of Haven as well as of the Hillair Parties.

<u>FAA Jurisdiction/Removal</u>

28.    In addition and independently, HCI is a Cayman Islands Limited Partnership with its principal place of business in the Cayman Islands (*see supra* ¶ 5), and is thus not a U.S. citizen, as that term is defined under the Convention.  *See* 9 U.S.C. § 202 ("For the purpose of this section a corporation is a citizen of the United States if it is incorporated or has its principal place of business in the United States.").  As a result, the Arbitration Award issued by the Panel is indisputably governed by the Convention, 9 U.S.C. §§ 201-208, which governs arbitral awards which are not "entirely between U.S. citizens," or which "envisage[s] performance or enforcement abroad."  *Id.* § 202.

29.    Under Section 203 of the Convention, "[a]n action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States.  The district courts of the United States (including the courts enumerated in section 460 of title 28) shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy."  9 U.S.C. § 203.

FAYER GIPSON LLP

30.     Under Section 205 of the Convention, "[w]here the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending."  9 U.S.C. § 205.  Per Section 203, such an action or proceeding shall be deemed to arise under the laws of the United States, and the district courts of the United States have original jurisdiction over such an action or proceeding, regardless of the amount in controversy.  *Id.* § 203.  Further, the ground for removal need not appear on the face of the complaint or petition, but may be shown in the notice of removal.  *Id.* § 205.

31.     Accordingly, HCI has an independent right arising under the Convention to remove the State Court Case "at any time before the trial thereof."  *See Infuturia Glob. Ltd. v. Sequus Pharm., Inc.*, 631 F.3d 1133, 1139 (9th Cir. 2011) (removal after the arbitration, but before confirmation by California state court, was "before the trial thereof" and thus timely under § 205).

/
/
/
/
/
/
/
/
/
/
/
/
/

FAYER GIPSON LLP

# NOTICE AND JOINDER

32.     Counsel for HCM, HCI and Haven certifies that it will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of Los Angeles, and give notice of the same to counsel for the Kardashians.

33.     HCM, HCI and Haven each consent to and join in this Notice of Removal.


DATED: February 7, 2019        FAYER GIPSON LLP
GREGORY A. FAYER
ELLIOT B. GIPSON

KENDALL BRILL & KELLY LLP
RICHARD B. KENDALL
ROBERT E. DUGDALE
NARY KIM


By_____/s/ Gregory A. Fayer_____

GREGORY A. FAYER

Attorneys for Respondent/Plaintiffs Hillair Capital Management LLC, Hillair Capital Investments LP, and Respondent Haven Beauty, Inc.

FAYER GIPSON LLP