UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-00952 JVS (DFMx) | Date | May 21, 2019 |
| Title | Kimsaprincess Inc., et al. v. Hillair Capital Management, LLC, et al. | | |

| | |
|---|---|
| Present: The Honorable | James V. Selna |

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** [IN CHAMBERS] Order Regarding Motion for Remand

Kim Kardashian, Khloe Kardashian, Kourtney Kardashian, Kimsaprincess Inc., 2Die4Kourt, Khlomoney Inc. (together—the "Kardashians") moved to remand the case. (Mot., Dkt. No. 16.) Hillair Capital Management LLC ("HCM"), Hillair Capital Investments LP ("HCI") (together "Hillair"), and Haven Beauty Inc. ("Haven") opposed the motion. (Opp'n, Dkt. No. 25.) The Kardashians filed a reply. (Reply, Dkt. No. 29.)

In addition, the Kardashians filed a motion to enforce the contractual arbitration award (Mot., Dkt. No. 17), while Hillair filed a motion to vacate, modify, or correct the arbitral award, which Haven joined. (Mot., Dkt. No. 19; Not., Dkt. No. 28.) Both sides filed oppositions and reply briefs in support of their respective motions. (Dkt. Nos. 26, 27, 30, 31.)

For the following reasons, the Court **grants** the motion to remand, **denies** the request for attorneys' fees, and **denies as moot** the motions to enforce the contractual arbitration award and to vacate modify, or correct the arbitral award.

**I. BACKGROUND**

On March 21, 2016, Plaintiffs Hillair filed a Complaint against the Kardashians in Los Angeles Superior Court (L.A. Sup. Ct. Case No. BC 614374) (the "State Court Action"). (Not., Dkt. No. 1-1, Ex. A.) On April 11, 2016, the Kardashians filed a Demand for Arbitration, asserting claims against Hillair and Haven. (Not., Dkt. No. 1 ¶ 10.) JAMS Arbitration No. 1210033201 (the "Arbitration") was subsequently initiated in

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 19-00952 JVS (DFMx)                    Date   May 21, 2019

Title   Kimsaprincess Inc., et al. v. Hillair Capital Management, LLC, et al.

response to the Kardashians' Demand. (Id.) On June 15, 2016, Judge Fruin compelled Hillair's claim in the State Court Action to arbitration. (Id. ¶ 11.)

On July 13, 2016, the Kardashians filed a Complaint against Hillair, Haven, and two individuals, Sean McAvoy ("McAvoy") and Neal Kaufman ("Kaufman") in this Court. (C.D. Case No. 8:16-cv-1304, Complaint, Dkt. No. 1.) On July 14, 2016, Haven also filed a Complaint against the Kardashians in this Court. (C.D. Case No. 8:16-cv-01307, Complaint, Dkt. No. 1.) (together with C.D. Case No. 8:16-cv-1304, the "Federal Cases"). The Kardashians and Haven agreed that their claims were subject to arbitration, aside from any applications for injunctive relief. (Federal Cases, Order, Dkt. No. 26.)

On August 29, 2016, the Court granted the Kardashians' motion for a preliminary injunction against Haven. (C.D. Case No. 8:16-cv-1304, Order, Dkt. No. 36.) On October 27, 2016, the Court denied the Kardashians' request to compel Hillair, McAvoy, and Kaufman to arbitration and stayed all of the Kardashians' claims against them pending arbitration. (C.D. Case No. 8:16-cv-1304, Order, Dkt. No. 56 at 1.)

On January 14, 2019, the JAMS Panel issued a Final Award in the Arbitration (the "Award"). (Not., Dkt. No. 1-59, Ex. 56.) The Award provided that Haven pay $254,673 for the Kardashians' attorneys' fees and costs with respect to the Kardashians' infringement claims against Haven. (Id. at pp. 18–19, 25–26.) On January 29, 2019, the Kardashians filed a Petition to Confirm the Award in the State Court Action as to Hillair and Haven. (Mot., Dkt. No. 16 at 5.) Haven was not previously a party to the State Court Action, and the Kardashians' Petition seeks to confirm the Award as to Hillair and Haven. (Not., Dkt. No. 1 ¶ 18.)

On February 7, 2019, Hillair and Haven removed the State Court Action to this Court pursuant to 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1367 (supplemental jurisdiction); 28 U.S.C. § 1338 (trademarks); and 9 U.S.C. § 203 (FAA jurisdiction over arbitrations and arbitration awards involving foreign parties). (Id. ¶ 1.) Following removal of the case, Hillair and Haven filed a motion to vacate, modify, or correct the arbitral award. (Mot., Dkt. No. 20.)

## II. LEGAL STANDARD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-00952 JVS (DFMx)   Date  May 21, 2019

Title  Kimsaprincess Inc., et al. v. Hillair Capital Management, LLC, et al.

**A.   Removal under 9 U.S.C. § 205**

The Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention") provides as follows:

> An arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction, contract, or agreement described in section 2 of this title, falls under the Convention. An agreement or award arising out of such a relationship which is entirely between citizens of the United States shall be deemed not to fall under the Convention unless that relationship involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states. For the purpose of this section a corporation is a citizen of the United States if it is incorporated or has its principal place of business in the United States.

9 U.S.C. § 202. "Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending." 9 U.S.C. § 205 (emphasis added).

**B.   Removal under 28 U.S.C. § 1441**

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to federal court so long as original jurisdiction would lie in the court to which the action is removed. City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997). According to the Ninth Circuit, courts should "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Doubts as to removability should be resolved in favor of remanding the case to the state court. Id. This "'strong presumption' against removal jurisdiction means that the

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-00952 JVS (DFMx)                    Date  May 21, 2019

Title  Kimsaprincess Inc., et al. v. Hillair Capital Management, LLC, et al.

defendant always has the burden of establishing that removal is proper." Id. (quoting Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)).

### III. DISCUSSION

#### A. Improper Removal

In their Notice of Removal, Hillair and Haven assert two bases for removal: (1) "under Section 1441 because the claims against Haven decided in the Panel's Award included the Kardashians' federal trademark claims that this Court compelled to arbitration, and included an award pursuant to the Lanham Act," which Haven contends "was in manifest disregard of federal law;" and (2) under the Convention "because HCI is a Cayman Islands company and is not a United States citizen." (Not., Dkt. No. 1 ¶¶ 20, 21.)

Hillair and Haven indicate that removal is proper because "Haven was first added by the Kardashians as a defendant/respondent in the State Court [Action] on January 29, 2019" and thus had thirty days to remove after being added. (Not., Dkt. No. 1 ¶ 24.) The parties dispute whether Hillair and Haven can be considered "Defendants" such that removal could have been proper. "[F]ederal law—not state law—'determines who is plaintiff and who is defendant' for removal purposes." LGC Holdings, Inc. v. Julius Klein Diamonds, LLC, 238 F. Supp. 3d 452, 461 (S.D.N.Y. 2017) (quoting Chicago, R.I. & P.R. Co. v. Stude, 346 U.S. 574, 580 (1954)).

Cal. Civ. Proc. Code § 1285 provides that "[a]ny party to an arbitration in which an award has been made may petition the court to confirm, correct or vacate the award. The petition shall name as respondents all parties to the arbitration and may name as respondents any other persons bound by the arbitration award." Section 1285 falls under Part 3 of the California Code of Civil Procedure, which governs "special proceedings of a civil nature." Rule 1.6(1) of the Cal. Rules of Court specifies that a special proceeding is an "action." "The party prosecuting a special proceeding may be known as the plaintiff, and the adverse party as the defendant." Cal. Civ. Proc. Code § 1063.

Hillair and Haven contend that the Kardashians' Petition makes clear that the Kardashians are prosecuting a claim that Hillair and Haven, as respondents, oppose,

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-00952 JVS (DFMx) | Date | May 21, 2019 |
|---|---|---|---|
| Title | Kimsaprincess Inc., et al. v. Hillair Capital Management, LLC, et al. | | |

making Hillair and Haven "Defendants" under California law. (Opp'n, Dkt. No. 25 at 9.) Further, they argue that they are now "Defendants" as of "the moment of removal" because they are "in the position of defending against the petition." (Id. at 10.)

In addition, Hillair and Haven state that they are "True Defendants" under the Supreme Court's functional analysis because the Kardashians are the parties "whose intent to achieve a particular result is the 'mainspring of the proceeding' at the time of removal, and is responsible for the continued existence of that action." (Id. at 10) (citing Mason City & Ft. D.R. Co. v. Boynton, 204 U.S. 570, 580 (1907)). While Hillair and Haven acknowledge that Hillair initially brought suit against the Kardashians alleging state law claims, Hillair and Haven argue that they are now the Defendants in the action because the Kardashians are prosecuting the only claim left in the State Court Action—a claim that goes beyond Hillair's initial state law claims asserted and includes the Kardashians' federal trademark infringement issues as well as their own respective state law claims. (Id. at 10–11.) See LGC Holdings, 238 F. Supp. 3d at 462–63.

In LGC Holdings, the district court held that LGC Holdings, Inc. ("LGC"), a party who initially filed suit in state court, properly removed the state case following the other parties' (the Kleins) petition to vacate an arbitration award in LGC's favor. Id. at 462. In doing so, the court stated:

> [T]he Court here concludes that LGC "is the 'true defendant' under the Supreme Court's functional test." To be sure, LGC initiated the state-court proceedings in the first instance by filing its petition for injunctive relief in aid of arbitration and, later, seeking confirmation of the interim award. But once the arbitration commenced, there was nothing pending in state court until the Kleins filed their petition to vacate the award. At that point—that is, at the moment of removal—"continuance of the proceedings depend[ed] upon [the Kleins'] will." In other words, the Kleins were "in control of the litigation"; if it were "to drop its demands, the case would [have been] at an end. Granted, under New York state law, LGC was denominated the petitioner even at that point in the proceedings. But that idiosyncratic provision is no different from the Iowa state law at issue in Mason City and,

JS - 6
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. SACV 19-00952 JVS (DFMx)      Date May 21, 2019

Title    Kimsaprincess Inc., et al. v. Hillair Capital Management, LLC, et al.

> thus, has no bearing on whether LGC is the "defendant" for removal purposes. As the party "opposing or resisting" the Kleins' claim, LGC was the "defendant" who could remove the action pursuant to Section 205.

Id. at 462–63 (citations omitted).

Hillair and Haven argue that just as the Kleins controlled the litigation at the "moment of removal" such that the original plaintiff became a "true defendant," here the Kardashians controlled the litigation when the case was removed because "the State Court Action was an empty shell" given that "[a]ll claims asserted in the State Court Action had already been compelled to and fully adjudicated in the Arbitration – meaning that there were no longer any functional plaintiffs or defendants . . . since no one was prosecuting or defending any claims therein." (Opp'n, Dkt. No. 25 at 12.) Since the Kardashians' "special proceeding" to confirm the arbitration award "was all that was left in the State Court Action" at the time of removal, Hillair and Haven assert that they are now the "true defendants" in the case such that they could properly remove. (Id. at 13.)

The Kardashians respond that "Hillair's argument is essentially that it is not the plaintiff because it lost the arbitration," since Hillair would have been the party moving to confirm the arbitration award had it won, just as the Kardashians did. (Reply, Dkt. No. 29 at 4.) Instead, they assert that Hillair remains the plaintiff in the State Court Action because "[o]nce a plaintiff always a plaintiff." Coastal Air Serv., Inc. v. Tarco Aviation Serv., Inc., 301 F. Supp. 586, 588 (S.D. Ga. 1969) (citing Minkoff v. Budget Dress Corp., 180 F. Supp. 818, 818 (S.D.N.Y. 1960)). In addition, the Kardashians indicate that the petition to confirm the arbitration award was not a new civil action because it followed directly from the motion to compel arbitration in the State Court Action, which the court had granted. (Reply, Dkt. No. 29 at 5.) See Cal. Civ. Proc. Code § 1292.6 ("After a petition has been filed under this title, the court in which such petition was filed retains jurisdiction to determine any subsequent petition involving the same agreement to arbitrate and the same controversy, and any such subsequent petition shall be filed in the same proceeding."); Lesser Towers, Inc. v. Roscoe-Ajax Const. Co., 258 F. Supp. 1005, 1010 (S.D. Cal. 1966) ("It does not appear that in the case at bar the petition for

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-00952 JVS (DFMx) | Date | May 21, 2019 |
| Title | Kimsaprincess Inc., et al. v. Hillair Capital Management, LLC, et al. | | |

confirmation of the award was independent of, separate as to, and a new proceeding from the petition for the order to arbitrate, both of which petitions were filed in the same action in the Superior Court."); see also Smiga v. Dean Witter Reynolds, Inc., 766 F.2d 698, 705 (2d Cir. 1985) (citations omitted) ("This Court has held that a court which orders arbitration retains jurisdiction to determine any subsequent application involving the same agreement to arbitrate, including a motion to confirm the arbitration award. . . . [T]he application for an order to arbitrate, up to and including the confirmation award, was all one proceeding, and thus, were not separable controversies.").

      The Kardashians also argue that all of the cases cited by Hillair and Haven can be distinguished because those cases did not involve a party "suing for affirmative money damages," but rather filing suit related to an arbitration itself. (Reply, Dkt. No. 29 at 6.) See, e.g., LGC Holdings, 238 F. Supp. 3d at 462 (involving a "defendant" for removal purposes that initially filed suit for "injunctive relief in aid of arbitration"); Minkoff, 180 F. Supp. at 820 (finding that the "defendant" who removed filed the state court action to stay already pending arbitration that the "plaintiff" for removal purposes had instituted). The Kardashians contend that in the Ninth Circuit, the "mainspring" theory does not apply to arbitration because "the better rule is to classify as plaintiff, for the purposes of removal of arbitration questions, the party who first invokes the aid of the court." Victorias Mill. Co. v. Hugo Neu Corp., 196 F. Supp. 64, 68 (S.D.N.Y. 1961). See id. ("Policy considerations and efficient judicial administration dictate that for removal purposes the party who initiates court action in an arbitration situation should be denominated plaintiff. It is upon his will that the institution and continuance of the judicial processes depend and it is he who has chosen the forum."). The Kardashians further urge the Court to find as the district court did in Murtagh v. Emory University that the party who initially brought state law claims against Emory University ("Emory") in a Georgia state court could not later remove Emory's motion to compel arbitration to federal court. No. 1:09-cv-0752-HTW, 2010 WL 11597706, at *3. The Murtagh court explained:

> Dr. Murtagh first filed in the State Court. Dr. Murtagh sued Emory, and Emory asserted counterclaims. All were encompassed within the lawsuit initiated by Dr. Murtagh. Thus, Dr. Murtagh as

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-00952 JVS (DFMx) | Date | May 21, 2019 |
| Title | Kimsaprincess Inc., et al. v. Hillair Capital Management, LLC, et al. | | |

> the plaintiff, may not now remove his own lawsuit or any portion thereof. "The purpose of restricting the right of removal to the defendant is to restrict removal to the party who had no choice in selection of the forum, generally the defendant." Even though certain state court claims of Dr. Murtagh have been dismissed, and Emory's counterclaims remain, he nevertheless remains a plaintiff and cannot remove.

Id. (citations omitted). Finally, the Kardashians contend that Haven cannot remove the case despite its recent addition due to the petition to confirm the arbitration award because it is a third-party defendant with no right to remove. See Palisades Collections LLC v. Shorts, 552 F.3d 327, 332 (4th Cir. 2008) ("For more than fifty years, courts applying Shamrock Oil have consistently refused to grant removal power under § 1441(a) to third-party defendants—parties who are not the original plaintiffs.") (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941)).

None of the parties cite any relevant binding Ninth Circuit case law to support their positions as to whether realignment occurred upon the Kardashians' filing of the petition to confirm the arbitration award. Thus, the Court considers the parties' respective authorities, none of which directly addresses the issue set forth in this case—whether the original "plaintiffs" in a state court action are transformed into "defendants" for purposes of removal when (1) they initially sue for monetary damages; (2) the state court compels all of the claims before it to arbitration; (3) the arbitration encompasses additional claims and parties that were not subject to the initial state court action; and (4) the original "defendants" file a petition to confirm the arbitration award in their favor.

The Court finds that remand is appropriate in this case because Hillair and Haven have not demonstrated that removal is proper. Hillair and Haven argue that the Kardashians' petition to confirm the arbitration award is the "mainspring of the proceeding" at the time of removal according to the Supreme Court's functional analysis in Mason City; however, in light of Hillair bringing suit for monetary damages against the Kardashians, it does not seem that the arbitration award is "the mainspring of the proceedings *from beginning to end*," as recognized in this functional analysis. Mason

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-00952 JVS (DFMx) | Date | May 21, 2019 |
|---|---|---|---|
| Title | Kimsaprincess Inc., et al. v. Hillair Capital Management, LLC, et al. | | |

City, 204 U.S. 570, 580 (1907) (emphasis added). Indeed, the fact that the State Court Action began with Hillair asserting claims for $180 million in monetary damages, and that Hillair has now filed a motion to vacate, modify, or correct the arbitral award in this Court suggests that the petition to confirm the award is not the "mainspring of the proceedings" at all. Even considering what the mainspring of the proceedings was at the time of removal indicates that it was not merely the Kardashians' claims that were at issue; rather, in determining whether to confirm the arbitration award, the state court would still necessarily assess Hillair's claims. Hillair, as the first party to bring suit for monetary damages, is not a "defendant." See Murtagh, 2010 WL 11597706, at *3.

At oral argument, counsel for Hillair and Haven emphasized the Ninth Circuit's interpretation of the breadth of jurisdiction under section 205 and asserted that such interpretation militates in favor of removal. See Infuturia Glob. Ltd. v. Sequus Pharm., Inc., 631 F.3d 1133, 1138 (9th Cir. 2011) ("Although we generally construe removal statutes strictly, the plain language of § 205 provides federal courts with remarkably broad removal authority.") (citations omitted); see also Beiser v. Weyler, 284 F.3d 665, 669 (5th Cir. 2002) ("[Federal courts] will have jurisdiction under § 205 over just about any suit in which a defendant contends that an arbitration clause falling under the Convention provides a defense. As long as the defendant's assertion is not completely absurd or impossible, it is at least conceivable that the arbitration clause will impact the disposition of the case. That is all that is required to meet the low bar of "'relates to.'") (emphasis added). While the plain language of § 205 provides for a broad interpretation of the words "relates to," the plain language of the words "defendant or defendants" still dictates that it is not any *party* or any *respondent* that has the right to remove. That the Court would have subject matter jurisdiction over the petition to confirm the arbitration award under Chapter 2 of the FAA because the contract envisaged performance abroad (as evidenced by the "worldwide" "Contract Territory" and the $487,488.61 in international sales in 2015) does not change the requirement that the party who has the right to remove is limited. (King Decl., Dkt. No. 25-16, Ex. M at cell N26; Opp'n, Dkt. No. 25 at 14.) Despite the many references that counsel for Hillair and Haven made for the right of removal of "respondents" at oral argument, it is still only "defendants" who have such a right even under the Convention. IQ Holdings, Inc. v. Villa D'Este Condo. Owners Ass'n, Inc., No. CIV.A. H-11-1770, 2011 WL 2600561, at *2 (S.D. Tex. June

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-00952 JVS (DFMx)                         Date  May 21, 2019

Title  Kimsaprincess Inc., et al. v. Hillair Capital Management, LLC, et al.

29, 2011) (citations omitted) ("The Convention on its face permits only a 'defendant' to remove a state court case to federal court, and there is no rational basis to interpret the removal provision in § 205 differently from the interpretation given the same language in the general removal statute, 28 U.S.C. § 1441(a). Section 1441(a) is generally interpreted to include only actual defendants in its removal jurisdiction. This interpretation of the removal language in § 1441(a), and application of the same interpretation to the comparable removal language in § 205, is consistent with the United States Supreme Court's admonition that removal statutes should be strictly construed.").

In addition, while Haven was named a respondent in the petition to confirm the arbitration award, it is effectively a third-party defendant joined by the actual defendants; as such, it cannot remove. See Palisades, 552 F.3d at 332; see also Kinder Morgan Louisiana Pipeline LLC v. Welspun Gujarat Stahl Rohren Ltd., 752 F. Supp. 2d 772, 778 (S.D. Tex. 2010) (citations omitted) ("Because the language 'the defendant or the defendants' used in the general removal statute, 28 U.S.C. § 1441(a), is commonly interpreted to exclude third-party defendants, . . . the court concludes that the same language used in 9 U.S.C. § 205 should also be interpreted to exclude third-party defendants.").

Since the Court has "[d]oubts as to removability" because Hillair and Haven have not demonstrated that they are "defendants" that can properly remove, it resolves them "in favor of remanding the case to the state court." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

**B.     Attorneys' Fees**

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case <u>may</u> require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447 (emphasis added). "[T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-00952 JVS (DFMx) | Date | May 21, 2019 |
| Title | Kimsaprincess Inc., et al. v. Hillair Capital Management, LLC, et al. | | |

removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

While the Kardashians have prevailed on the motion to remand, the Court **denies** the request for attorneys' fees because Hillair and Haven had an objectively reasonable basis for their removal of the case despite the Court's ultimate rejection of that basis. See Young Am. Ins. Co. v. Martinez-Carbajal, No. 18-CV-766 JAP/JHR, 2018 WL 5298402, at *4 (D.N.M. Oct. 25, 2018) ("Young America's primary argument that it was entitled to remove this case as the 'true defendant' based on its reading of Mason, albeit incorrect, in conjunction with its statement of the grounds for removal contained in the removal notice, lead the Court to find that Young America did not lack an objectively reasonable basis for seeking removal.").

### IV. CONCLUSION

For the foregoing reasons, the Court **grants** the motion to remand, **denies** the request for attorneys' fees, and **denies as moot** the motions to confirm and vacate the arbitration award.

**IT IS SO ORDERED.**

|  | : | 0 |
|---|---|---|
| **Initials of Preparer** | **lmb** | |